1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN A. CHAVEZ,                    )   1:04-CV-5212 REC LJO HC
                                        )
                    Petitioner,         )
12                                      )   FINDINGS AND RECOMMENDATION
         v.                             )   REGARDING PETITION FOR WRIT OF
13                                      )   HABEAS CORPUS
                                        )
14   G. J. GUIRBINO,                    )
                                        )
15                  Respondent.         )
                                        )
16

17        Petitioner is a state prisoner proceeding pro so with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254. Due to the death of Magistrate Judge Hollis G. Best and the

19   appointment of Magistrate Judge William M. Wunderlich, on May 2, 2004, this case was reassigned

20   to the undersigned for all further proceedings.

21                        **PROCEDURAL HISTORY**[1]

22        Petitioner is currently in the custody of the California Department of Corrections pursuant to

23   two judgments of the Superior Court of California, County of Kern.  On January 23, 2002, in Case

24   No. SC083228B, Petitioner pled guilty to transportation of methamphetamine in violation of Cal.

25   Health & Safety Code § 11379(a). See Exhibit A, Respondent's Answer to the Petition (hereinafter

26   "Answer"). On February 5, 2002, in Case No. BF097517A, Petitioner pled no contest to another

27

28       [1]This information is derived from the petition for writ of habeas corpus and Respondent's answer to the petition.

1  count of transportation of methamphetamine, and admitted he had suffered a prior conviction of a

2  drug-related offense within the meaning of Cal. Health and Safety Code § 11370.2. Id. Petitioner was

3  sentenced to a total determinate term of six years in Case No. SC083228B, and a total determinate

4  term of four years in Case No. BF097517A, both terms to be served concurrently. Id.

5      Thereafter, Petitioner filed a notice of appeal with the California Court of Appeal, Fifth

6  Appellate District (hereinafter "5th DCA"). Petitioner's appointed counsel filed a Wende[2] brief. See

7  Exhibit J, Answer. On April 28, 2003, the 5th DCA affirmed the judgment. See Exhibit A, Answer.

8      On November 18, 2002, before the 5th DCA had issued a ruling in the direct appeal,

9  Petitioner filed a petition for writ of habeas corpus in the 5th DCA. See Exhibit B, Answer. On

10  December 9, 2002, the 5th DCA denied the petition without prejudice to refiling in the Superior

11  Court. See Exhibit C, Answer.

12      On February 13, 2003, Petitioner filed a petition for writ of habeas corpus in the Kern County

13  Superior Court. See Exhibit D, Answer. On March 17, 2003, the petition was denied. See Exhibit E,

14  Answer.

15      On April 15, 2003, Petitioner filed a petition for writ of habeas corpus in the 5th DCA. See

16  Exhibit F, Answer. On May 9, 2003, the petition was denied. See Exhibit G, Answer.

17      On June 12, 2003, Petitioner filed a petition for writ of habeas corpus in the California

18  Supreme Court. See Exhibit H, Answer. On June 25, 2003, the petition was denied. See Exhibit I,

19  Answer.

20      On January 9, 2004, Petitioner filed a federal habeas petition in the United States District

21  Court for the Northern District of California. By order of the Court, the action was transferred to the

22  Eastern District of California and received in this Court on February 2, 2004.  The petition raises the

23  following ground for relief: Petitioner claims he received ineffective assistance of counsel when trial

24  counsel allegedly misled Petitioner into believing there was sufficient evidence to warrant a guilty

25  plea to transportation of methamphetamine.

26      On May 27, 2004, Respondent filed an answer to the petition. Respondent concedes

27

28      [2]People v. Wende, 25 Cal.3d 436 (1979).

1 | Petitioner has exhausted his state remedies.

2 | On June 16, 2004, Petitioner filed a traverse.

3 | **FACTUAL BACKGROUND**[3]

4 | CASE NUMBER SC083228B:

5 | On September 4, 2001, at approximately 7:48 p.m., a deputy from the Kern County
6 | Sheriff's Department observed a vehicle fail to stop at the limit line at a signal light. After
   | performing a traffic stop and identifying the driver as co-defendant Alejandro Villegas, the
7 | deputy noticed that Villegas' eyes were bloodshot, red and watery. Villegas consented to a
   | search of his person which did not reveal any contraband. [Petitioner], a passenger in the car,
8 | also consented to a search of his person. The deputy observed a brown paper bag containing a
   | can of beer. The deputy searched the car with the assistance of a canine who alerted deputies
9 | to a cardboard box that, when searched, contained two vacuum sealed packages believed to
   | contain a controlled substance. The substance was later determined to be 438.60 grams of
10 | methamphetamine.

11 | CASE NUMBER BF097517A:

12 | On January 16, 2002, at approximately 7:09 p.m., a deputy from the Kern County
   | Sheriff's Department observed a vehicle with no front license plate. After performing a
13 | traffic stop, the deputy arrested the driver, co-defendant Leon Cruz, Jr., due to an outstanding
   | warrant. The deputy made contact with [Petitioner], a passenger in the car, and observed two
14 | beer bottles on the passenger floorboard and could smell alcohol on [Petitioner's] breath.
   | [Petitioner] was taken into custody for public intoxication and having an open container in
15 | the vehicle. An inventory search of the vehicle revealed a brick shaped object wrapped in
   | tinfoil which was later determined to be 442.60 grams of methamphetamine.

16 | See Exhibit J, Answer (citations omitted).

17 | **DISCUSSION**

18 | **I. Jurisdiction**

19 | Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

20 | to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

21 | the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

22 | 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

23 | Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court,

24 | which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly,

25 | the Court has jurisdiction over the action.

26 | On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

27 | 

28 | [3]These facts are taken from the factual summary set forth in Petitioner's appellate brief, which was adopted by the 5th DCA in its opinion of April 28, 2003.

1   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

2   Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

3   F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

4   *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

5   (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

6   filed after the enactment of the AEDPA; thus, it is governed by its provisions.

7   **II.  Legal Standard of Review**

8        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

9   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

10  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

11       The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

12  Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70

13  (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

14  adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

15  application of, clearly established Federal law, as determined by the Supreme Court of the United

16  States" or "resulted in a decision that was based on an unreasonable determination of the facts in

17  light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,

18  538 U.S. at 70-71; see Williams, 529 U.S. at 413.

19       As a threshold matter, this Court must "first decide what constitutes 'clearly established

20  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

21  *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

22  must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

23  of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly

24  established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

25  the Supreme Court at the time the state court renders its decision." Id.

26       Finally, this Court must consider whether the state court's decision was "contrary to, or

27  involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,

28  *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

1  writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

2  question of law or if the state court decides a case differently than [the] Court has on a set of

3  materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.

4  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state

5  court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

6  applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

7      "[A] federal court may not issue the writ simply because the court concludes in its

8  independent judgment that the relevant state court decision applied clearly established federal law

9  erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A

10 federal habeas court making the "unreasonable application" inquiry should ask whether the state

11 court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

12     Petitioner has the burden of establishing that the decision of the state court is contrary to or

13 involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,

14 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

15 Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

16 decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th

17 Cir.1999).

18     AEDPA requires that we give considerable deference to state court decisions. The state

19 court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's

20 interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537

21 U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

22 **III.  Review of Petitioner's Claim**

23     A.  Ineffective Assistance of Counsel

24     Petitioner contends defense counsel provided ineffective assistance by allegedly misleading

25 him into pleading guilty. Petitioner argues there was insufficient evidence to support the crime of

26 transportation of methamphetamine; therefore, it was error for defense counsel to advise him to

27 plead guilty. Petitioner argues counsel pressured him into accepting the plea.

28     The law governing ineffective assistance of counsel claims is clearly established for the

1   purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe, 151

2   F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance

3   of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687, 104

4   S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must

5   show that counsel's performance was deficient, requiring a showing that counsel made errors so

6   serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.

7   Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an

8   objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were

9   not the result of reasonable professional judgment considering the circumstances. Id. at 688; United

10  States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's

11  performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls

12  within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104

13  S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

14          Second, the petitioner must demonstrate that "there is a reasonable probability that, but for

15  counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner

16  must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose

17  result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was

18  fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78

19  F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

20          A court need not determine whether counsel's performance was deficient before examining

21  the prejudice suffered by the petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S.

22  668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any

23  deficiency that does not result in prejudice must necessarily fail. However, there are certain instances

24  which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive

25  denial of the assistance of counsel or where the State has interfered with counsel's assistance. See

26  Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at

27  2046-2047, and n. 25 (1984).  Ineffective assistance of counsel claims are analyzed under the

28  "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle,

1    215 F.3d 1058, 1062 (2000).

2          In reviewing the record, this Court finds defense counsel committed no error. On May 2,

3    2003, defense counsel Gary L. Sampley filed a declaration in the 5th DCA in response to Petitioner's

4    petition for writ of habeas corpus. See Exhibit J, Answer. In his declaration, counsel states he

5    advised Petitioner "that the law, relative to his case, required the People to prove 'knowledge' on his

6    part relative to the substance found in both cars at the time of each arrest." Id. Counsel further

7    advised Petitioner "that the court would provide the jurors with an instruction that would allow them

8    to make a 'reasonable inference' that petitioner 'knew' of the substances because of the

9    circumstances surrounding each arrest, i.e., while neither car was his, he was present in each vehicle

10   when a substantial amount of methamphetamine was located in each vehicle." Id. Counsel also noted

11   to Petitioner that the incidents were close in time, and a jury might find the situation more than just

12   coincidental. Id. Counsel further advised Petitioner that if he took the stand he could be impeached

13   by his own prior criminal record for a conviction for the exact same crime; from this, the jury could

14   infer knowledge. Id. Counsel stated that he "hammered [the knowledge] requirement into his head"

15   and this is why Petitioner took the plea bargain. Id. Counsel convinced Petitioner that "reasonable

16   inferences" would most certainly lead to his conviction. Id. Counsel spoke with Petitioner's wife at

17   his request and informed her of the same. Id. Based on what he told her, she requested counsel that

18   he tell Petitioner to take the deal. Id. Finally, counsel states he fully advised Petitioner of the

19   elements of the law surrounding the charges, the possible defenses and strategies that could be used

20   in trial, and the advantages and disadvantages of accepting the plea agreement. Id.

21         In light of the record, counsel's advise was not unreasonable. Petitioner was a passenger in

22   both vehicles when large quantities of methamphetamine were found. Both incidents were close in

23   time. Petitioner had sustained a prior conviction for the same crime which could be used to infer

24   knowledge and undermine his credibility.

25         In addition, Petitioner does not refute or challenge any of defense counsel's statements with

26   any evidence. He merely provides his own self-serving statement that he would not have accepted

27   the plea bargain had defense counsel not used "undercover pressure tactic's" [sic]. See Petitioner's

28   Traverse at 4. Petitioner does not describe what these tactics were or how his will was overborne. As

U.S. District Court
E. D. California          cd                                      7

1  Respondent correctly argues, Petitioner's claim should be rejected because he fails to substantiate it

2  with any evidence. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of

3  ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing).

4       Moreover, Petitioner's contentions are directly contradicted by his own testimony at trial, as

5  follows:

6       THE COURT: All right. Now, Mr. Chavez, you've had an opportunity to discuss this matter
        at some length with your attorney, Mr. Sampley. Do you feel that Mr. Sampley has put any
7       kind of pressure on you to get you to give up the rights I've told you about this afternoon, and
        enter this plea?
8
        THE DEFENDANT: No.
9
        THE COURT: Are you doing so because you personally feel it's in your best interests to do
10      so?

11      THE DEFENDANT: Yes.

12      THE COURT: Has anyone made any promises to you, other than what we've talked about
        here this after than [sic], in court, on the record, in order to get you to enter this plea?
13
        THE DEFENDANT: No.
14
        THE COURT: Has anyone threatened you, any member of your family, anyone close to you
15      to get you to give up these rights and enter this plea?

16      THE DEFENDANT: No.

17      THE COURT: Are you entering this plea, then, freely and voluntarily?

18      THE DEFENDANT: Yes.

19  (RT[4] 6-7.)

20      Therefore, it is clear from the record that Petitioner's allegations are unfounded and

21  unsupported by any evidence. Based on the foregoing, the state court rejection of Petitioner's claim

22  was not contrary to or an unreasonable application of Strickland. v. Washington. See 28 U.S.C.

23  § 2254(d). The petition should be denied.

24                                   **RECOMMENDATION**

25      Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

26  corpus be DENIED and the Clerk of Court be DIRECTED to enter judgment for Respondent.

27

28
        [4]"RT" refers to the Reporter's Transcript lodged with the Court.

U.S. District Court
E. D. California        cd                                  8

1     This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United

2  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

3  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

4  California.

5     Within thirty (30) days after being served with a copy, any party may file written objections

6  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

7  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

8  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

9  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.

13  **Dated:    March 3, 2006**              **/s/ Lawrence J. O'Neill**
    b9ed48                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California        cd                        9